UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

        Plaintiff,

  v.                                        CAUSE NO. 3:19-CV-644-DRL-MGG

SGT. KENDALL *et al.*,

        Defendants.

OPINION & ORDER

Joshua Taylor, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Taylor seems to complain about events occurring at Miami Correctional Facility on or about May 15, 2019. He claims that he was trying to go to the barber shop but was turned away because he did not have his identification card. As he left the area, he saw Sharon Hawk, the assistant warden, and attempted to speak with her about the matter. He walked alongside her but perceived that she was "becoming uneasy." With that, Sergeant Kendall (first name unknown) and Officer Ornelas (first name unknown) told him to "cuff up," which he did. He claims that one of the officers was "hurting" him but does not elaborate. He states that as the officers were taking him back to his cell, one of them "tried to trip me over someone['s] property." When they got back to the cell, he put his hands in the "cuff port" to have the handcuffs removed. He claims that Sergeant Kendall "pulled

on my hands," which caused part of his arm to go through the cuff port. He believes this violated prison policy. He does not describe any physical injuries he suffered as a result of this incident.

He further claims that he filed a grievance about this incident, but the grievance officer, Shawna Morson, mishandled his grievance and "lied" about whether she obtained a statement from Sergeant Kendall and Officer Ornelas. He claims that he also complained to Lieutenant Snow (first name unknown) about being turned away from the barber shop, but Lieutenant Snow allegedly said there was nothing he could do about the matter. Mr. Taylor claims that on another date, he saw Lieutenant Snow let another inmate go to "chow" without an identification card. Based on these events, he sues Assistant Warden Hawk, Sergeant Kendall, Officer Ornelas, Lieutenant Snow, and Ms. Morson, seeking monetary damages.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Even giving the complaint liberal construction, the court cannot discern any cognizable constitutional claim Mr. Taylor asserts against Lieutenant Snow or Assistant Warden Hawk based on their limited involvement in these events.

Mr. Taylor uses the word "discrimination" when referring to Lieutenant Snow, but he doesn't provide any details to suggest plausibly that Lieutenant Snow intentionally discriminated against him on the basis of any protected ground. *Chavez v. Illinois State Police*, 251 F.3d 612, 645 (7th Cir. 2001). Nor is there any indication that Mr. Taylor and the other inmate were similarly situated in relevant respects, given that they were going to different locations of the prison, on different dates, for different reasons, and handled by different officers. *See id.* at 636-37.

As for Sergeant Kendall and Officer Ornelas, Mr. Taylor appears to be trying to assert an excessive force claim against them. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and

2

sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (citations and quotation marks omitted); *see also Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) ("Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable.").

Here, Mr. Taylor alleges, at most, that the two officers put handcuffs on him to escort him back to his cell, almost made him trip over another inmate's property, and tugged on his hands while taking off his handcuffs, causing his arm to go through the cuff port. He does not detail any physical injuries he suffered or medical care he received as a result of this incident. Based on Mr. Taylor's allegations, he has not alleged a plausible excessive force claim against the two officers.

As for Ms. Morson, the only allegation against her is that she mishandled his grievance. This does not give rise to a constitutional claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). The Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create any constitutionally guaranteed rights. *Id.* Mr. Taylor does not allege, nor is there any basis to infer, that Ms. Morson's actions somehow contributed to him being injured. *See id.* He does not state a plausible constitutional claim against Ms. Morson.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th

3

Cir. 2013). In the interest of justice, the court will afford Mr. Taylor an opportunity to submit an amended complaint that remedies these deficiencies. If he decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS the plaintiff until **August 7, 2020** to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by the deadline, his case will be dismissed under 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 23, 2020                                                             *s/ Damon R. Leichty*
                                                                          Judge, United States District Court