UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

        Plaintiff,

   v.                           CAUSE NO. 3:19-CV-644-DRL-MGG

SGT. KENDALL *et al.*,

        Defendants.

## OPINION & ORDER

Joshua Taylor, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On June 23, 2020, this court issued a detailed screening order under 28 U.S.C. § 1915A explaining why Mr. Taylor's original complaint failed to state a claim for relief. The court afforded him an opportunity to file an amended complaint, which he has now done.

The amended complaint is quite similar to the original, though it contains some additional details. Mr. Taylor alleges that on or about May 15, 2019, he wanted to go to the barber shop at Miami Correctional Facility (MCF). He tried to enter the building where the barber shop was located without his identification card, but was turned away. The desk officer told him he was not supposed to be in the building, and Mr. Taylor

noticed a picture of himself up near the desk with a note stating, "If you see this offender write him up." He claims this was done by Assistant Warden Sharon Hawk. He saw Assistant Warden Hawk on his way back to the dorm, and got into an argument with her about the picture and note. He claims she was unprofessional toward him. Mr. Taylor found this incident and his discussion with Assistant Warden Hawk embarrassing and distressing.

As he was speaking with Assistant Warden Hawk, Sergeant Kendall, Officer Miguel, and Officer Ornelas (first names unknown) arrived and told him to "cuff up." He felt this was unnecessary, but he cooperated, and the officers escorted him back to his cell. When they arrived back at the cell, instead of removing the handcuffs, Officer Ornelas and Sergeant Kendall "pulled [his] arm all the way through the door" until his shoulder was touching the door, causing his right shoulder to "pop" out of place and cutting his wrist. He states that he received physical therapy and a shot for his injuries. Based on these events, he sues Sergeant Kendall, Officer Ornelas, and Assistant Warden Hawk, seeking monetary damages.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Upon review, the court cannot discern within the complaint any viable constitutional claim against Assistant Warden Hawk. Although Mr. Taylor found her unprofessional and thinks she should not have posted his picture near the entry of the building with the barber shop, he has not plausibly alleged the infringement of any right protected by the United States

2

Constitution. This is his second attempt to state a claim against Assistant Warden Hawk, and she will be dismissed as a defendant.

As for Sergeant Kendall and Officer Ornelas, Mr. Taylor appears to be asserting an Eighth Amendment excessive force claim. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving him the inferences to which he is entitled at this stage, Mr. Taylor has alleged that Sergeant Kendall and Officer Ornelas used more force than was necessary in returning him to his cell, causing him injuries that necessitated medical treatment. He has alleged enough to proceed further against these defendants.

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Kendall and Officer Ornelas in their personal capacities on a claim for monetary damages for allegedly using excessive force against him on May 15, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sharon Hawk as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Kendall and Officer Ornelas

(first names unknown), and to send them a copy of this order and the amended complaint (ECF 5) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Kendall and Officer Ornelas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 24, 2020  *s/ Damon R. Leichty*
Judge, United States District Court